This is an appeal by the plaintiff from a judgment dismissing its administrative appeal from a decision of a hearing officer appointed by the defendant commission on human rights and opportunities (CHRO) concerning a claim of age discrimination by the defendant James M. Trainor.
The facts are not in dispute. Trainor was employed by the City of Waterbury as a fireman in 1971. On November 29, 1977, he took an examination given by the plaintiff for promotion to the position of lieutenant. He and another firefighter, Michael Griffin, received identical scores on the examination. Since there was only one position available, the plaintiff resorted to the tie-breaking procedure then set forth in the Waterbury civil service rules and regulations, chapter VI, 8. In the event of a tie on a promotional examination this procedure provided that "[t]he applicant having scored highest on that phase of the examination bearing the most weight shall rank ahead." If the tie persisted, as happened in the present case, then "[t]he applicant who entered the service of the City of Waterbury first shall rank ahead." Here again, there was a tie because both men entered the service on the same day. Finally, the rules provided that "the applicant born first shall rank ahead." Consequently, since Griffin was older than Trainor, he received the promotion.
Trainor thereafter filed a complaint with the CHRO alleging age discrimination by the plaintiff. The CHRO appointed a hearing officer who conducted a hearing on August 5, 1981. At this hearing, the parties submitted a written stipulation wherein it was agreed that age was used as the tie-breaking factor.
The hearing officer concluded that the plaintiff's use of age as the criterion for denying Trainor's *Page 530 
promotion violated General Statutes 46a-60 (a) (1).[1] To eliminate this discrimination, the hearing officer ordered that Trainor be promoted to fire lieutenant retroactive to the date that Griffin was promoted, and that he receive "all the seniority, fringe benefits, retirement credits and any and all other privileges of that office, on the A shift." He further ordered that the plaintiff refrain from demoting any other fire lieutenant to make room for Trainor.
The plaintiff appealed this decision to the Superior Court, contending that the CHRO, acting through the hearing officer, abused its discretion (1) in concluding that the promotion was discriminatory, and (2) in ordering the promotion of Trainor to fire lieutenant. After a hearing, the trial court dismissed the appeal. The plaintiff has appealed to this court.
The plaintiff first claims error in the conclusion that the use of age as the tie-breaking criterion violated General Statutes 46a-60 (a) (1). To support its claim, the plaintiff relies on Aaron v. Davis, 414 F. Sup. 453 (E.D. Ark. 1976), and General Statutes 46a-60 (b)(1)(C). We find both of these authorities distinguishable.
Aaron v. Davis, supra, holds that age is a "bona fide occupational qualification" and, therefore, municipal ordinances may legally require that employees in certain high-risk occupations, e.g., firefighters, retire at a certain age. Similarly, General Statutes 46a-60 (b) *Page 531 
(1)(C) provides that "[t]he provisions of this section concerning age shall not apply to . . . the termination of employment of persons in occupations, including police work and firefighting, in which age is a bona fide occupational qualification."
In the present case, age was not used as a bona fide occupational qualification for the promotion to lieutenant. There was no showing by the plaintiff at any phase of the proceedings that because of his maturity, Griffin was any more qualified for the position of lieutenant than Trainor. To the contrary, the plaintiff arbitrarily chose age as the determinative tie-breaking factor in denying Trainor's promotion. This is not permitted under 46a-60
(a)(1). Accordingly, we find no error in the CHRO's conclusion that the plaintiff discriminated against Trainor on the basis of age.
The plaintiff claims, however, that even if its tie-breaking procedure was discriminatory, the remedy fashioned by the hearing officer of the CHRO was in excess of his statutory authority. There is merit to this claim.
As noted above, the hearing officer ordered that Trainor receive a promotion to the position of fire lieutenant with all the attendant benefits and privileges, retroactive to the date he would have been promoted but for the discriminatory act of the plaintiff. He further ordered that "[t]he City of Waterbury shall not demote any other person who is now so employed to make this opening but may delay a future appointment if such is necessary to reduce the number of fire lieutenants to the City's standard complement for that position." In effect, the CHRO created two lieutenant positions where previously only one existed legally. We hold that it exceeded its authority in doing so.
General Statutes 46a-86 (a) provides that "[i]f . . . the hearing officer finds that a respondent has *Page 532 
engaged in any discriminatory practice, the hearing officer shall . . . cause to be served upon the respondent an order requiring the respondent to cease and desist from the discriminatory practice and further requiring the respondent to take such affirmative action as in the judgment of the hearing officer will effectuate the purpose of this chapter."
The "purpose of this chapter," i.e., chapter 814c, is undoubtedly to eliminate discriminatory practices in, inter alia, employment. Evening Sentinel v. National Organization for Women, 168 Conn. 26, 31,357 A.2d 498 (1975). Further, we recognize that remedial statutes should be construed liberally to effectuate their beneficent purposes. See Muha v. United Oil Co., 180 Conn. 720, 728,433 A.2d 1009 (1980); Brittany Farms Health Center, Inc. v. Administrator, 177 Conn. 384, 386, 418 A.2d 52
(1979); Adzima v. UAC/Norden Division, 177 Conn. 107,117, 411 A.2d 924 (1979). We conclude, however, that the hearing officer's remedy went far beyond the intent of the legislature in enacting 46a-86
(a) and constituted an unauthorized usurpation of a municipal legislative function.
Stated generally, "[t]he doctrine of separation of powers under our form of government . . . declares that governmental powers are divided among the three departments of government, the legislative, executive, and judicial, and broadly operates to confine legislative powers to the legislature, executive powers to the executive department, and judicial powers to the judiciary, precluding one branch of the government from exercising or invading the powers of another." 1 Am.Jur.2d 871, Administrative Law 76; see Stolberg v. Caldwell, 175 Conn. 586, 595,402 A.2d 763 (1978); 1 Davis, Administrative Law Treatise (2d Ed.) 2:2. Clearly, the power to create a position such as lieutenant in a municipal fire department is within the scope of a municipality's legislative power. See 2 McQuillin, Municipal *Page 533 
Corporations (3d Ed. Rev.) 10.06. Accordingly, since the remedy fashioned by the hearing officer had the effect of creating a position of fire lieutenant where none existed before, it impermissibly invaded an exclusively legislative function of the city of Waterbury, and, therefore, it cannot stand.
 There is error, the judgment is set aside and the case is remanded to the trial court with direction to sustain the appeal.
In this opinion COVELLO and F. HENNESSY, Js., concurred.